UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
ROBERT L. SCHULZ,

|                                      |                          |
|--------------------------------------|--------------------------|
|                     Plaintiff,       | 05-cv-4600               |
|                                      | (SJF)(ETB)               |
|        -against-                     |                          |
|                                      | **OPINION & ORDER**      |

UNITED STATES; INTERNAL REVENUE
SERVICE; and ANTHONY ROUNDTREE

                     Defendants.
-----------------------------------------------------X
FEUERSTEIN, J.

I.      Introduction

        Plaintiff Robert L. Schulz ("Plaintiff") initiated this action on September 28, 2005

seeking to quash two summonses served on Christopher Garvey and Peter Candela by the

Internal Revenue Service ("IRS"). Defendants move to dismiss the action for lack of subject

matter jurisdiction. For the reasons set forth below, Defendants' motion is granted.

II.     Background

        Plaintiff is the founder and Chairman of the We The People Foundation for

Constitutional Education, Inc., ("We The People"), a non-profit research and educational

foundation in New York.[1] According to Plaintiff, We The People "has been engaged in a high-

profile First Amendment confrontation publicly questioning the authority of the IRS since

1999." (Cmplt. ¶ 12); see also Celauro v. United States, 371 F. Supp. 2d 219, 220 (E.D.N.Y.

2005) (Spatt, J.) (denying application filed by members of We The People for preliminary

injunction in suit challenging the constitutionality of the IRS). In an attempt to "shut down the

---

[1] Unless indicated otherwise, all facts are drawn from Plaintiff's complaint.

Petition process and destroy [We The People]," (Id. ¶31), Plaintiff claims that the IRS commenced "an investigation relating to [Plaintiff] . . . [and] soliciting information . . . [regarding] a promotion [allegedly offered by Schulz and We The People] that promises to remove individuals from the Federal tax system via a de-taxation package." (Id. ¶ 16) (citation and quotation omitted). As Plaintiff explains, "[t]he IRS does not like what [We The People] and Robert Schulz stand for and what they are doing, and as the western world's leading institution of terror, the IRS is seeking to chill the enthusiasm of people to associate with [We The People] and Schulz." (Id. ¶ 22).

In furtherance of this investigation, Plaintiff claims that Anthony Roundtree, an Internal Revenue Agent ("Roundtree"), served summonses on Christopher Garvey and Peter Candela on September 2, 2005 seeking information regarding Schulz and We The People. (Id. ¶¶ 9, 10, 12, 17).[2] These summonses required, inter alia, the recipients to "appear before Internal Revenue Agent Anthony Roundtree on September 28th 2005 [sic] at 10:00 AM . . . ." (Candela Aff., Ex. A). On September 6, 2005, Agent Roundtree claims to have sent a copy of the summonses to Plaintiff at his last known address pursuant to the requirements of 26 U.S.C. § 7603. (Roundtree Aff., ¶ 8). According to Agent Roundtree, neither Garvey nor Candela appeared on September 28. (Id., ¶ 9). Plaintiff filed the instant action on September 28, 2005 seeking (1) to quash the two summonses, and (2) as an injunction "permanently enjoining and prohibiting defendants from issuing any similar Summons . . . ." (Cmplt. ¶ 3(b)). Defendants now move to dismiss on the ground that (1) Plaintiff failed to initiate this action by September 26, 2005, as required by statute, and (2) Plaintiff's request for injunctive relief is precluded by the Anti-Injunction Act.

_____

[2] The Court notes that Agent Roundtree previously served a summons on Plaintiff, resulting in separate litigation. See Schulz v. IRS, 413 F.3d 297 (2d Cir. 2005); Schulz v. IRS, 395 F.3d 463 (2d Cir. 2005).

III.    Standard of Review

A.    Plaintiff's *Pro Se* Status

A *pro se* plaintiff's submissions are held "to less stringent standards than formal pleadings drafted by lawyers . . . ." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). To this end, a court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Nonetheless, a *pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law. Traguth v. Zuck, 710 F.2d 90, 92 (2d Cir. 1983).

B.    Motion to Dismiss

1.    Fed. R. Civ. P. 12(b)(1)

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(1), "a court must accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." Solow v. Stone, 994 F. Supp. 173 (S.D.N.Y. 1998) (citing Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1092 (2d Cir. 1995)). "The movant and the pleader may use affidavits and other materials beyond the pleadings themselves in support of, or in opposition to, a challenge to subject matter jurisdiction." In re Vivendi Universal, S.A. Sec. Litig., 381 F. Supp. 2d 158, 165 (S.D.N.Y. 2003) (citing Land v. Dollar, 330 U.S. 731, 735 n.4 (1947)). Once a challenge to the Court's subject matter jurisdiction has been raised, the burden rests entirely on the party asserting jurisdiction. In re Vivendi, 381 F. Supp. 2d at 165 (citing Thomson v. Gaskill, 315

U.S. 442, 446 (1942)).

      2.    Fed. R. Civ. P. 12(b)(6)

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court is obligated to "construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true." York v. Ass'n of the Bar, 286 F.3d 122, 125 (2d Cir. 2002). The Court's task is solely to test "the legal sufficiency of a complaint," LaBounty v. Adler, 933 F.2d 121, 123 (2d Cir. 1991), and, unlike a motion under Fed. R. Civ. P. 12(b)(1), the Court is generally prohibited from considering material extrinsic to the complaint. Tewksbury v. Ottaway Newspapers, Inc., 192 F.3d 322, 325 n.1 (2d Cir. 1999).

IV.    Analysis

      B.    Application to Quash

          1.    Third Party Summonses

26 U.S.C. § 7609 sets forth the procedural requirements for the service of third party summonses in an IRS investigation. Pursuant to that provision, "any person (other than the person summoned) who is identified in the summons" is entitled to "notice of the summons . . . within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined." 26 U.S.C. § 7609(a)(1). Such notice may be served, inter alia, by "certified or registered mail to the [recipient's] last known address . . . ." 26 U.S.C. § 7609(a)(2). Agent Roundtree personally served the summonses on Garvey and Candela on September 2, 2005 (Roundtree Aff. ¶¶ 4-8). Roundtree mailed a copy of the summonses to Plaintiff's last known address on September 6, 2005 via certified mail. (Id. ¶ 9).

2. Sovereign Immunity

It is well-settled that the United States, as sovereign, enjoys complete immunity from suit. United States v. Shaw, 309 U.S. 495, 500-01 (1940). Actions against the IRS or the Treasury Department are "deemed actions against the United States." Posey v. United States Dep't of the Treasury - IRS, 156 B.R. 910, 918 (W.D.N.Y. 1993); see also Provenza v. Rinaudo, 586 F. Supp. 1113, 1117 (D. Md. 1984) ("The IRS as an entity is absolutely immune from suit. A suit against the IRS, as any suit against an agency as an entity, is effectively one against the United States.") (citing Dugan v. Rank, 372 U.S. 609, 613 (1963)). The United States may consent to suit, but any such consent must be explicit and is to be construed strictly. Kulawy v. United States, 917 F.2d 729, 733 (2d Cir. 1990); Pulaski v. IRS, 93-cv-0700, 1994 U.S. Dist. LEXIS 14931 (E.D.N.Y., Sept. 29, 1994) ("[L]ike a waiver of immunity itself, which must be unequivocally expressed, the 'limitations and conditions upon which the government consents to be sued must be strictly observed and exceptions thereto are not to be implied.'") (quoting Lehman v. Nakshian, 453 U.S. 156, 161 (1981)). Furthermore, Congress may impose terms and conditions as part of any such consent, and failure to comply with these requirements will deprive the courts of subject matter jurisdiction. Dotson v. Griesa, 398 F.3d 156, 177 (2d Cir. 2005).

The United States has consented to suits seeking to quash IRS summons pursuant to 26 U.S.C. § 7609(b)(2). The United States' consent is not unlimited, however, and a party seeking to prosecute such an action must, inter alia, "begin a proceeding to quash such summons not later than the 20th day after the day" on which notice of the summonses is given to the party entitled to such notice. 26 U.S.C. § 7609(b)(2)(A). Failure to comply with this requirement is a jurisdictional defect, and precludes the courts from entertaining the action. Gilmartin v. IRS,

174 F. Supp. 2d 117, 119 (S.D.N.Y. 2001) ("Because the 20-day requirement defines the extent of the government's waiver of sovereign immunity, that requirement must be strictly construed, and the court lacks jurisdiction over petitions filed after the deadline."); Dotson, 398 F.3d at 177. In the instant case, it is undisputed that Agent Roundtree provided Plaintiff the required notice on September 6, 2005. (Pl. Mem. Opp. at 3; Roundtree Aff. ¶ 9). Furthermore, "[c]ourts have held repeatedly that the 20-day period during which a petitioner may move to quash an IRS summons commences on the day notice of the IRS summons is mailed, and not on the day it is received." Cosme v. IRS, 708 F. Supp. 45, 46 (E.D.N.Y. 1989).

According to Plaintiff, the summonses were defective because notice was not provided to Plaintiff 23 days before September 28, 2005, the date "fixed in the summons as the day upon which such records are to be examined." 26 U.S.C. § 7609(a)(1). As Plaintiff explains, service must have been provided no later than Monday, September 5, 2005. Since this was a federal holiday, Plaintiff claims that Agent Roundtree was required to mail the notice no later than Saturday, September 3, 2005. (Pl. Mem. Opp. at 3). Defendants argue that (1) Agent Roundtree's September 6 service is unrelated to Plaintiff's failure to abide by the 20 day requirement, (2) the difference between 22 and 23 days notice did not prejudice Plaintiff in any way, and (3) service on September 6, as opposed to September 3, actually gave Plaintiff extra time to file suit by extending the twenty day period from September 23 to September 26.

Plaintiff is correct that the September 6 service provided him with only 22 days notice. However, Plaintiff improperly conflates the government's 23 day notice requirement with his 20 day filing requirement. Specifically, while the failure to provide 23 days notice could

6

theoretically impact the validity of the summonses,[3] Plaintiff was required to bring any such challenge within 20 days of the government's notice. Because waivers of sovereign immunity are to be construed strictly, Kulawy, 917 F.2d at 733, Plaintiff's failure to file suit by September 26, 2005 deprives the Court of subject matter jurisdiction. Plaintiff's petition to quash the summons is therefore dismissed.[4]

## B. Injunctive Relief

The Anti-Injunction Act, 26 U.S.C. § 7421(a), states that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." The Second Circuit has held that this prohibition extends to pre-liability investigations and other activities that seek to "uncover, correct and remedy" any tax liability. Black v. United States, 534 F.2d 524, 526-27 (2d Cir. 1976). Defendant's investigative activities fall squarely within the scope of the Anti-Injunction Act,[5] and Plaintiff's request for injunctive relief is precluded. His claims are therefore dismissed.

---

[3] The Court need not and does not address whether the failure to provide 23 days notice rendered these summonses invalid.

[4] Plaintiff has requested that, in the event the Court dismisses the claims against the government, it retains the claims against Agent Roundtree. However, Plaintiff does not actually appear to assert any claims against Roundtree independent of the relief he seeks from the government. The claims against Roundtree are therefore dismissed with the claims against the government.

[5] There are several exceptions to the Anti-Injunction Act, none of which are applicable to this action.

V.    Conclusion

For the reasons set forth above, Defendants' motion to dismiss is GRANTED.  The Clerk

of the Court is directed to close this case.


Sandra J. Feuerstein
United States District Judge

Dated: December 5, 2005
Central Islip, New York

To:

Robert L. Schulz
2458 Ridge Road
Queensbury, NY 12804

Stephen J. Schaeffer
United States Department of Justice
Tax Division, Central Trial Section
Po Box 7238
Washington, DC 20044